JUAN SERRA, ETC., ET AL., Plaintiffs and Appellants, *v.* TRANS-
PORTATION AUTHORITY OF PUERTO RICO ET AL., Defendants
and Appellees.

No. 9423. Argued May 6, 1947.—Decided July 16, 1947.

*Bauzá & Bauzá* for appellants. *Charles R. Hartzell, Fernando B.
Fornaris,* and *José L. Novas* for the Government of the Capital
and Maryland Casualty Co., appellees. *Córdova & González* and
*Carlos J. Faure* for the Transportation Authority and Anglo-
Porto Rican Insurance Agency, Inc., appellees.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the
Court.

Bus No. 87, owned by the Transportation Authority of
Puerto Rico, in which the plaintiff's wife traveled as a pas-
senger, collided with an ambulance of the Municipal Hospital
of San Juan. The plaintiff received contusions all over her
body and she had to be taken to the municipal hospital where
she suffered a miscarriage.

In the complaint, filed in the District Court of San Juan,
it is alleged that the accident was due to the negligence of

the driver and employee of the Transportation Authority. In order to protect the plaintiff's rights, in case it would turn out that the accident was caused by the negligence of the driver of the ambulance, the plaintiff joined as parties defendant the Government of the Capital, the Anglo-Porto Rican Insurance Agency, Inc., as insurer of the bus, and the Maryland Casualty Company as insurer of the municipal ambulance.

The Transportation Authority and the Anglo-Porto Rican Insurance Agency, Inc., answered denying the essential averments of the complaint, and set up as a special defense that the proximate cause of the accident was the gross negligence of the driver of the ambulance.

The Government of the Capital alleged that the complaint did not state facts sufficient to constitute a cause of action; and, by way of special defense alleged, that at the time of the accident the ambulance was not being used for corporate purposes but for governmental purposes in the public charity service. The Government of the Capital moved for the dismissal of the complaint on those grounds.

The lower court rendered a decision dismissing the complaint, as to the Government of the Capital and the Maryland Casualty Co., relying on the decision of this Court in *Villegas et al.* v. *Municipality of San Juan,* 19 P.R.R. 397. Cf. *Davidson* v. *Hettinger,* 62 P.R.R. 286. It further held that "the municipality not being liable for the damages which its ambulance might have caused to the wife of the plaintiff, the insurer Maryland Casualty Company was not liable either." The plaintiffs have taken an appeal, urging as a ground thereof, that the decision appealed from is contrary to law.

 In the case of *Villegas, supra,* decided in 1913, there was presented to this Court for the first time the same question involved in the instant case, namely, whether a municipal government is liable for the damages caused by the neg-

ligence of the driver of an ambulance devoted to the public hospital service. Following the rule established in *Maximilian* v. *Mayor et al.,* 62 N. Y. 160—according to which a municipality is liable when it acts as a private corporation in the exercise of any special power which may have been granted to it, and is not liable when the power is intrusted to it as one of the political divisions of the State, as a means to the exercise of the sovereign power for the benefit of all citizens—it was held that the Municipality of San Juan was not liable because ''only when the municipality derives some benefit in its corporate capacity can it be held liable for the acts of the agents of a public charity or hospital.''

Twenty-one years later, in 1934, this Court had again before it the same question under discussion, in the case of *Cía. Industrial* v. *Municipality,* 47 P.R.R. 516. In said case damages were claimed for the destruction by fire of a furniture factory of the plaintiff, and it was alleged that the municipality had been negligent, because of its failure to furnish water during the first 45 minutes of the fire and because of the lack of cooperation on the part of the employees engaged in the service of extinction of fires. It was held that the municipality was not liable because in the administration of its Fire Department the municipality acted in its governmental capacity and not in its private capacity.

In *Colón* v. *Capital of Puerto Rico,* 57 P.R.R. 15, damages were claimed for the injuries caused to the plaintiff by an automobile driven by a municipal employee. The vehicle was returning to San Juan after having taken to Río Piedras a technical employee, who was rendering services in connection with the conservation and operation of the municipal waterworks. The lower court held that the term ''official'' (officer) used in § 46($d$) of Act No. 99 of 1931, to establish a special government for the Capital of Puerto Rico, worded similarly as § 83($d$) of the Municipal Law of 1928, did not include the agents and employees of the Government

of the Capital; that the chauffeur who drove the car was an *employee* and not an officer; and, lastly, that the municipality was not liable because at the time of the accident the chauffeur rendered services to the municipality in its *governmental* capacity, and not in its *corporate* capacity. The judgment was reversed and it was held that "in the operation and conservation of the waterworks, the government of the capital performs a corporate function and not a governmental one"; and that "when the functions performed by a municipality are not of a public or governmental character and only for the benefit of the municipality and of its inhabitants, there is no reason why the municipality should be exempt from liability for the acts or omissions of its employees."

In *Davidson* v. *H. I. Hettinger & Co.*, 62 P.R.R. 286, the plaintiff claimed damages for injuries sustained by her when falling into a hole in a sidewalk of a public street in Santurce. It was alleged that the municipality had been negligent because having knowledge of the work which was being done, it consented to the contractor's leaving a hole without any protection. In affirming a judgment of recovery, we stated:

"In regard to the repair and maintenance of its streets, a minority of the authorities in the States of Arkansas, California, Connecticut, Maine, Massachusetts, Michigan, New Jersey, Oregon, Rhode Island, South Carolina, Vermont, New Hampshire, and Wisconsin hold that this is a governmental function and that the municipality is not liable, even at common law. In some of these states statutes have been passed imposing or limiting municipal liability in such cases. However, a majority of the states hold that the municipality is liable for accidents which occur due to the negligence of its officers and employees in the maintenance and repair of streets.

"We entertain no doubt that in the maintenance of its streets and highways the municipality acts in its governmental capacity, since it drives no pecuniary benefit therefrom; however, we see no strong reason why, faithful to our adherence to the common law doctrines as to governmental and corporate acts by municipalities

578

to which we have adverted, we should not also accept and adopt the exception to the first of said doctrines existing in the American common law."

See also *Blanco v. Municipality*, 57 P.R.R. 470.

Few doctrines have been so much discussed and so severely criticized as the one dealt with herein. All the authorities which we have consulted agree that once the negligence of an employee of a municipality is proved, the latter should be held liable in damages, whether governmental functions, or corporate functions from which the municipality derives any pecuniary benefit, are involved.[1] Indeed, the rule is not supported by either reason or justice. There would be no justification for holding that a pedestrian who is overrun by an automobile of the waterworks department, negligently driven by a chauffeur of a municipality, is entitled to recover damages in an action against the municipality; while another pedestrian similarly injured, has no right of action, where the vehicle negligently driven by a municipal chauffeur is an ambulance of the municipal hospital service.

Act No. 99 of May 15, 1931 (Laws of 1931, p. 626), to establish a special government for the Capital of Puerto Rico, provides:

"Section 46.—On motion of the aggrieved party, the District Court of San Juan shall have jurisdiction:

"* * * * * * * *

"(*d*) To grant, upon an ordinary action, compensation for damages to parties injured by acts or omissions of the officials of the Capital, due to malice, negligence or inexcusable ignorance."

The question to be considered and decided by us is whether in granting to the person injured by the gross negligence of an "officer" of the Capital the right to claim from

---

[1] Borchard: Government Liability in Tort; 34 Yale Law Journal, 129; Distinction Between Governmental and Proprietary Functions of Municipal Corporations, by Doddridge, 23 Mich. Law Rev. 325; Municipal Tort Liability in Operation, by Fuller and Casner, 54 Harv. Law Rev. 437; Liability for Operation of Emergency Vehicles, 27 California Law Review 57; Tort Liability of Mun. Corporations in N. Y., 43 Columbia L. Rev. 84.

the municipal government compensation for damages, the law-maker used the word "officer" in its concrete and restrictive sense, that is, to include only the administrative officers created by § 10 of the same Act, who, under § 20 constitute the "Administrative Board of the Capital," or whether he used it in its broader and more extensive meaning to include every employee or agent, who acting on behalf of the municipality and for the benefit of the community, does so negligently and cause injury to any person. The administrative officers who constitute the Administrative Board of the Capital are the City Manager, the Treasurer, the Director of Public Works, the Director of Health and Charity, and the School Director.

In the *Enciclopedia Jurídica Española,* we find the following definitions:

"(*Funcionario*) Officer. A person devoted to the performance of any function or service.

"(*Funcionario Judicial*) Judicial Officer. Taking the word 'officer' in its broadest and most extensive manner, a judicial officer is one who performs functions and duties of that kind, from the Chief Justice of the Supreme Court down *to the bailiff of a municipal court. . . .*

"Giving to the term 'officer' the more concrete and specific meaning, which is opposite to that of 'authority' or 'authority agent,' its application in the judicial field would be limited to those persons, who, although performing judicial functions, do not exercise any part of the sovereign power whether originally or by delegation. (Italics ours.) Vol. 16, pp. 861 and 862.

"(*Funcionario Público*) Public Officer. Is any person who, by rendering services for the carrying out of the purposes of any political society, creates by this fact alone, a judicial-public relation.

"I. *Explanatory Statement.*—Of course, it is evident that a *function* (office), and this could also be said of a *public employment,* presupposes the performance of duties by determinate individuals. The state, the province, and the municipality, being artificial persons can not carry out their purposes if they do not utilize accordingly the physical persons, who through their respective activities perform what said political entities can not do directly.

"There are some who think that the services must be rendered by the officer, *especially the employed officer,* in a *permanent* way; but in our judgment permanency is not an essential element of this concept. *It is simply enough that something be done, with a view to the public interest, and what is done, no matter how limited its duration might seem to be, is a public function and the person performing it is a public officer.* (Italics ours.) Vol. 16, p. 864.

Section 46 of Act No. 99 of 1931, recognizes to any person injured by the negligence of a municipal officer the right to claim damages from the municipality, without establishing any distinction between the cases in which the officer executed governmental acts and those in which the officer was negligent in the execution of corporate functions as a special agent of the municipality.

If the lawmaker had intended to make the Government of the Capital liable only for the fault or negligence of the City Manager or of any other member of the Administrative Board of the Capital, it would have been very easy for him to express his intention clearly by merely adding to the word "officer" the adjective "administrative." We are inclined to hold that the lawmaker used the word "officer" in its broadest and most extensive meaning, and that his intention was to include in that term the chauffeurs or drivers of the automobiles of the various departments of the Government of the Capital devoted to rendering services to the public, since it is not reasonable to believe that there has been created a right of action to claim compensation for damages caused by the negligence of administrative officers,—the City Manager, the Treasurer, the Director of Public Works, the Director of Public Health and Charity, and the School Director—who by reason of their offices have nothing to do with the management or operation of machines or automobiles which might cause injury when they are negligently operated or driven, and that a similar right of action has not been granted to the victim of a vehicle negligently driven by a municipal chauffeur. We are of the opinion that the intention of the law-

maker was to reject the doctrine of the common law—which makes the municipality liable when it acts in its corporate capacity and not when it acts as a political member of the State—and to grant a right of action to every person who has been injured by the negligence of any other person which as an officer, agent employee, or servant of a municipality is performing a function or rendering a service for the benefit of the municipal community.

The requisite of a pecuniary benefit, as a ground for the liability of the municipality for injuries caused by the negligence of its employees, adopted by this Court in *Villegas* v. *Municipality, supra,* has been rejected by numerous decisions, in which it is held that the duty of the municipality to exercise due care in the performance of its functions arises from the right which the citizen has to the security and protection of his person and does not depend on any pecuniary benefit which the municipality might derive from the service it renders to the community. 38 Am. Jur., p. 270. The rule laid down by the decisions which we have cited is, in our judgment, just and reasonable and, as such, applicable to the case at bar. The cases of *Villegas* v. *Municipality, supra, Cía. Industrial* v. *Municipality, supra,* and *Blanes* v. *The Capital of Puerto Rico,* 57 P.R.R. 543, which are in conflict with the conclusion we have reached in the instant case, are hereby overruled.

The lower court erred in granting the motion to dismiss the amended complaint as to the Government of the Capital of Puerto Rico and the Maryland Casualty Company. The decision appealed from should be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.

Mr. Justice Marrero did not participate herein.